IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 7 |
| DONALD LEE ZOMBRO ) | |
| MARY ALLEN ZOMBRO ) | |
| ) | CASE NO. 97-11370 |
| Debtors ) | |
| ) | |
| ) | |
| DONALD LEE ZOMBRO ) | |
| MARY ALLEN ZOMBRO ) | |
| ) | |
| Plaintiffs ) | |
| ) | ADVERSARY PROCEEDING |
| vs. ) | |
| ) | CASE NO. 06-01166 |
| SUNTRUST BANKING, ) | |
| ) | |
| Defendant ) | |
| ) | |

**DEFENDANT'S FIRST INTERROGATORIES and**
**DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant serves upon the Plaintiffs in this action the following interrogatories. The Defendants ("You") are requested to answer these Interrogatories separately and fully, in writing and under oath, and to serve a copy of your answers upon Defendants' attorneys of record within the time provided by law.

Without being requested to do so by Defendant, you must also amend any answer when it is discovered to be no longer true and

circumstances are such that a failure to supplement is in substance a knowing concealment.

The following definitions and instructions shall apply to each Interrogatory, as if fully set forth:

<u>DEFINITIONS AND INSTRUCTIONS</u>

A. "Defendants" or "Defendants" shall include the named Defendant, its attorneys, employees, agents and representatives.

B. "Debtor" or "Debtors" and "Plaintiff" or "Plaintiffs" shall include the named Plaintiffs, their attorneys, employees, agents and representatives.

C. "Complaint" and "Answer" shall refer to the styled pleadings in this action.

D. "Document," "documents" and "tangible things" shall include all tangible things in whatever form.

E. "Identify" with respect to a document and/or tangible thing means to set forth a general description (e.g., letter, memorandum, report, videotape), a brief summary of its contents, the name and address of the custodian of the original, and any other descriptive information necessary in order to adequately describe it in a subpoena duces tecum, or in a motion or request for production thereof.

F. "Property" shall include any real property purchased by the Plaintiffs, pertaining to the events set forth in the Complaint.

G. This discovery is deemed to be continuing in nature to the full extent allowed by the Federal Rules of Civil Procedure.

INTERROGATORIES

1.

Please state your full name, residence address and telephone number, business address and telephone number, and social security number.

2.

Please state the full name, residence address and telephone number, and business address and telephone number, of all persons known to you who have knowledge of any of the facts that are the subject of the instant civil action and describe the knowledge of information that each such person possesses.

3.

Please state with precision and describe in detail, identifying with particularity all related documents and tangible things, any an expert in anticipation of litigation with whom you have consulted, retained or otherwise interacted with in preparation for trial, but is not expected to be called as a witness at the trial: stating the full name, residence and

business address and field of expertise of such persons, and the date and subject matter of any reports made, whether oral or written.

4.

Please state the full name, residence address and telephone number, and business address and telephone number of all persons known to you whom you may, did or will expect to call as material witness and/or as an expert witness or to express an opinion on any subject at the trial of this action, the subject matter and the substance of the facts, opinions and conclusions to which such person is expected to testify, and a summary of the grounds for each opinion or conclusion to which such person is expected to testify.

5.

Please state with precision and describe in detail all facts, identifying with particularity all related documents and tangible things, regarding the purchase of real property, located at 8510 Tackhouse Loop, as set forth in Paragraph 9 of the Complaint, including the reason for the sale, as set forth in Paragraph 10; whether this is the same purchase ("closing")referred to in Paragraphs 13, 18, 21 and 32 of the Complaint; all facts and circumstances surrounding this closing, including the date, time and location of the closing; the amount of principal, interest,

escrow, down payment and interest rate of any mortgage executed in connection with this purchase; the names, addresses and telephone numbers of all parties to the closing, including the purchasers, sellers, lender and settlement agent; all third parties whom you approached in connection with this transaction, such as the name, address and phone number of any mortgage brokers/lenders with whom you communicated in connection with this transaction.

6.

Please state with precision and describe in detail all facts, identifying with particularity all related documents and tangible things, regarding the alleged purchase of real property located at 12220 Lucasvile Road, Manassas, as set forth in Paragraph 11 of the Complaint, including the reason for the purchase of the property, ("closing") as set forth in Paragraph 10 and whether intend to sell it within the next calendar year; whether this is the same purchase/closing referred to in Paragraphs 13, 18, 21 and 32 of the Complaint; All facts and circumstances surrounding this closing including the date, time and location of the closing; the amount of principal, interest, escrow, down payment and interest rate of any mortgage executed in connection with this purchase; the names, addresses and telephone numbers of all parties to the closing, including the purchasers, sellers, lender and settlement agent; and all third parties whom you approached in connection

with this transaction, such as the name, address and phone number of any mortgage brokers/lenders.

7.

Please state with precision and describe in detail all facts, identifying with particularity all related documents and tangible things, regarding the alleged changes to entries the Plaintiffs' credit report, as set forth in Paragraphs 11, 12 14, 17 of the Complaint, such as the basis for the entries and any attempts by the Plaintiffs to dispute the entries with Defendant.

8.

Please describe with precision and state in detail, identifying with particularity all related documents and tangible things, each civil, criminal, bankruptcy, judicial, administrative and other legal proceeding to which you are or have been a party, either as plaintiff or defendant, other than this proceeding, stating the date, venue, names of the parties and their attorneys, case number, nature of the action and disposition, such as the judgment referred to in Paragraphs 18, 19 and 20 of the Complaint; the reason why the settlement agent inquired of this matter as set forth in Paragraph 21 of the Complaint and the relationship between this judgment and the allegations set forth in Paragraphs 25-35 of the Complaint.

6

9.

Please state with precision and describe in detail all facts, circumstances, documents and tangible things regarding the correspondence allegedly sent by SunTrust on May 17, 2005 as to the alleged settlement of $4,465.96 referred to in Paragraph 25 of the Complaint, such as the reason for the settlement, the alleged payment of the settlement, as set forth in Paragraph 32 of the Complaint and the relationship between the settlement and judgment, set forth in Paragraphs 18, 19 and 20 of the Complaint.

10.

Please state with precision and describe in detail all facts, circumstances, documents and tangible things in support of the Plaintiffs' allegations contained in Paragraphs 37, 38 and 40 of the Complaint, including any attempts by Plaintiffs to have Defendant criminally prosecuted for the alleged offense.

11.

Please state with precision and describe in detail all facts, circumstances, documents and tangible things in support and opposition of the Plaintiffs' allegations contained in Paragraph 45 of the Complaint such as all negative items appearing on Plaintiffs' credit report for the past ten (15) years; the specific transaction(s) involved, the percentage of the alleged "higher" interest rates as well as the "lower" interest rate that

the Plaintiffs contend that they are entitled to, in light of their negative credit scores.

12.

Please state whether you or any other person has made and/or received any statement or statements in any form to or from any person regarding any of the events or happenings referred to in your Complaint, stating the name and address of each person making the statement, to whom the statement was made, the date the statement was made, the form of the statement, the name and address of each persons having custody of the statement and state whether you received a copy of the statement.

## **Production of Documents**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant requests that Plaintiffs produce copies of the each of the documents and tangible things described which are in your possession, custody or control.  You are requested to produce the documents at the offices of Morris, Schneider & Prior, L.L.C., 1587 N.E. Expressway, Atlanta, GA  30329, within the time provided by law, or at such other reasonable time and place as may be mutually agreed upon in writing by counsel for both parties.

Documents in your possession shall be deemed to include documents in the possession, custody or control of you, your

8

employees, agents, representatives, successors, assigns, attorneys and all persons acting or purporting to act on behalf of you or who are in possession of or who may have obtained information for or on behalf of you in regard to the subject matter of this case.

DEFINITIONS AND INSTRUCTIONS

The definitions and instructions contained in Defendant's First Interrogatories are incorporated by reference.

REQUESTS

1.

Please produce all documents and tangible things identified in your response(s) to any of Defendant's Interrogatories, specifying which Plaintiffs intend to intend to introduce as evidence or for any purpose, at any hearing, trial or any type of proceeding in this civil action.

2.

Please produce any and all documents and tangible documents in support of any of the Plaintiffs' claims in this case, specifying which you intend to introduce as evidence or for any purpose, at any hearing, trial or any proceeding in this action.

3.

Please produce any and all documents known to you which contain information or which demonstrate or support facts regarding the issues of this civil action.

Respectfully submitted this 2nd day of November, 2006.

MORRIS, SCHNEIDER & PRIOR, L.L.C.

By: *s/ David C. Whitridge*
David C. Whitridge
Bar No. 32754
Attorneys for Defendant

CERTIFICATE OF SERVICE OF DISCOVERY

The undersigned certifies that precise copies of the Defendant's First Interrogatories and Production of Documents were filed electronically with the Clerk of Court, which automatically sends electronic mail notice to the opposing counsel, named below:

Robert R. Reed, Esq.
1420 Prince Street
Alexandria, Virginia 22314
Attorney for Plaintiff

Respectfully submitted this 2nd day of November, 2006.

MORRIS, SCHNEIDER & PRIOR, L.L.C.

By: *s/ David C. Whitridge*
David C. Whitridge
Bar No. 32754
Attorneys for Defendant

MORRIS, SCHNEIDER & PRIOR, L.L.C
1587 N.E. Expressway
Atlanta, Georgia  30329
(770) 234-9181