# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| In re:<br><br>DONALD LEE ZOMBRO and<br>MARY ALLEN ZOMBRO,<br><br>　　　　Debtors. | Case No.  97-11370-RGM<br>(Chapter 7) |
| DONALD LEE ZOMBRO and<br>MARY ALLEN ZOMBRO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SUNTRUST BANK,<br><br>　　　　Defendant. | Adv. Proc. No. 06-1166 |

### MEMORANDUM OPINION

THIS CASE was before the court on August 20, 2008, for a hearing on Donald Lee Zombro and Mary Allen Zombro's motion for attorney's fees. SunTrust Bank argued that the debtors' rejection of its offer of judgment made pursuant to Fed.R.Bankr.P. 7068, which incorporates Fed.R.Civ.P. 68, precludes the debtors' claim for attorney's fees and that the debtors should pay its attorney's fees and costs incurred after the rejection. The court disagreed with the bank's argument for the reasons stated on the record. This Memorandum Opinion supplements the court's oral ruling.

The bank made an offer of judgment on June 6, 2007, offering $9,999.00. It stated that "[t]his offer is inclusive of attorney's fees and costs and acceptance of this offer shall bar any further claim of attorney fees and costs by Plaintiffs as pled in Paragraph 50 of the Amended Complaint." Offer of Judgment (Docket Entry 196, Ex. 4). The bank asserts that the debtors recovered less than

1

the amount offered and are thus barred from an award of post-offer attorney's fees and costs. The bank further asserts that the debtors should pay its post-offer attorney's fees and costs.

The bank was ordered to return $4,465.96 to the debtors. While this was less than the amount offered, it does not represent the complete recovery. As of June 6, 2007, the date of the offer of judgment, the debtors were also asserting a claim for attorney's fees. In order to determine whether the debtors recovered more or less than the offer of judgment, the court must determine the reasonable attorney's fees that the debtors would have recovered as of June 6, 2007, as if the matter had ended at that point. Had the case ended then, the debtors would have recovered the $4,465.96 plus reasonable attorney's fees and costs expended to that date. Reasonable attorney's fees and costs as of June 6, 2007 would have exceeded $5,533.04 making the offer of judgment less favorable than the result that the debtors would have obtained on that date.[1] Consequently, the debtors are not precluded from recovering additional attorney's fees incurred after the offer of judgment.

The bank argues that its offer of judgment was $9,999.00 *plus* reasonable attorney's fees to be determined by the court. The offer of judgment quite plainly included both the principal amount sued for plus all attorney's fees and costs incurred up to the date of the offer. Paragraph 50 of the amended complaint to which the offer refers is a prayer for relief on both the violation of the discharge injunction and the RICO claims.[2] Unlike the RICO claim, the discharge violation claim

---

[1] The bank successfully argued at the August 2, 2008 hearing that the debtors should not recover attorney's fees incurred in prosecuting its two unsuccessful causes of action. The attorney's fees awarded today are based solely on the successful cause of action, the violation of the discharge injunction. However, on June 6, 2007, the debtors had not been unsuccessful on the two claims they subsequently lost or withdrew. It is entirely likely that they would have been awarded some attorney's fees for prosecuting those claims. The efforts made in prosecuting them were part of the reason the offer of judgment was made and of the success to that date. However, today, none of the attorney's fees incurred in connection with the unsuccessful claims were considered in determining whether the debtors' recovery as of June 6, 2007 would have been more favorable than the offer of judgment. This restricted analysis is not required. It is simply a matter of convenience and is the most favorable computation that can be made for the bank.

[2] The amended complaint added a separate third count, an alleged violation of the Fair Credit Reporting Act.

(paragraphs 1 through 36) is not separately captioned. But, the complaint clearly presents both claims. Both are included in the section captioned "Prayer for Relief" (paragraphs 47 through 53). The Prayer for Relief asks for declaratory relief, a declaration that the two accounts were discharged in bankruptcy (paragraph 51); and, injunctive relief, an order that the bank properly report the status of the accounts as "discharged in bankruptcy" to the credit reporting agencies (paragraph 52). Both requests for relief relate to the violation of the discharge injunction cause of action. The offer of judgment is likewise clear and unambiguous: The offer was to terminate the litigation with a single payment to the debtors of $9,999.00, which included all claims for attorney's fees on the discharge violation and the RICO claims.

This conclusion is corroborated by the settlement discussions of February 2, 2007 and February 3, 2007 reflected in debtors' counsel's time records. The February 2, 2007 time entry reflects an offer from the bank of $9,000, which was rejected. It appears that debtors' counsel was offended by a remark made by bank's counsel during the conversation, a remark possibly impugning his integrity and his motivation by suggesting that counsel was pursuing the case primarily to run up his attorney's fees. The following day, debtors' counsel made a counteroffer of $9,000 plus attorney's fees to be awarded by the court, an offer the bank rejected.[3] These two time entries reflect the same issue the bank now raises. The bank offered to settle for a single sum of $9,000. The debtor counteroffered $9,000 plus attorney's fees to be determined by the court. The issue of attorney's fees was clearly before the parties. The bank wanted a complete and known settlement. The debtor was willing to accept a stipulated amount for damages and to leave the determination of

---

[3]The February 3, 2007 time entry states: "Deal with his smart remark on attorneys fee by offering to settle for $9000 plus whatever [the court] would award. In fact, that's now my offer." Statement in Support of Counsel for Plaintiffs' Application for Attorney's Fees (Docket Entry 200, Ex. 1 at 11) (typographical error corrected).

reasonable attorney's fees to the court. The offer of judgment mirrored the bank's February 2, 2007 offer. Its present argument highlights the difference between the February 2, 2007 offer and the February 3, 2007 counteroffer.

The bank also asserts that the debtors' pre-offer attorney's fees should not be considered in calculating the amount recovered under Rule 68 as of June 6, 2007. It argues that a Rule 68 offer of judgment does not include non-statutory attorney's fees; that the award of attorney's fees for a violation of the discharge stay is non-statutory; and, therefore, the debtors' recovery of $4,465.96 was less favorable than the offer of judgment. The bank's attempt to distinguish statutory and non-statutory attorney's fees is weak at best, but here the offer of judgment is plain on its face. It was for a fixed amount inclusive of all attorney's fees – statutory and non-statutory. Had the debtors accepted the February 2, 2007 offer of judgment and then sought an award of "non-statutory" attorney's fees by making the same argument the bank now makes, the bank would have successfully resisted the additional award by arguing that the offer of judgment was, as it said, inclusive of all attorney's fees and costs.

The court will award the debtors attorney's fees and costs in the amount of $40,992.00.

Alexandria, Virginia
August 28, 2008

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Robert B. Baumgartner
Robert R. Weed

14524